IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GABRIEL CORTES HERRERA<br>5243 Kentilworth Ave., Apt. 202<br>Hyattsville, MD 20781<br><br>NEFTALI G. MARTINEZ<br>6709 Riverdale Rd.<br>Riverdale, MD 20737<br><br>UBALDO O. VIVAR MARTINEZ<br>3804 58TH Ave.<br>Hyattsville, MD 20784<br><br>JUAN DE DIOS MARTINEZ HERRERA<br>6403 Lamont Dr.<br>New Carrollton, MD 20784<br><br>　　　PLAINTIFFS,<br><br>v.<br><br>MITCH O'HARA LLC<br>　　Serve: Kathy Ade<br>　　2300 Good Hope Rd., S.E.<br>　　Washington, D.C. 20020<br><br>TYRA HARGIS<br>2300 Good Hope Rd., S.E.<br>Washington, D.C. 20020<br><br>　　　DEFENDANTS. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: |

## COMPLAINT

Plaintiffs, Gabriel Cortes Herrera, Neftali G. Martinez, Ubaldo O. Vivar Martinez and Juan de Dios Martinez Herrera ("Plaintiffs"), by and through undersigned counsel, hereby submit this Complaint against Defendants Mitch O'Hara LLC ("Mitch O'Hara") and Tyra Hargis ("Hargis" collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act

of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law D.C. Code §§ 32-1301 *et seq.* ("DCWPCL") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of Maryland. By participating as named plaintiffs in this action, Plaintiffs consent to prosecute their claims against Defendants under the FLSA.

2. Mitch O'Hara is a corporation formed under the laws of Washington D.C. and does business in the District of Columbia.

3. Hargis owns and operates Mitch O'Hara.

4. Plaintiffs were all employed by defendants as concrete finishers and foremans. Plaintiffs worked in the District of Columbia performing foreman and concrete finishing services.

5. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times during Plaintiffs' employment, Plaintiffs were employees who, while engaged in employment duties, handled, and otherwise worked on goods and materials (namely concrete supplies and other related items) that were moved in or produced for commerce. Thus, Plaintiffs were individual employees who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, at all times, Defendants were Plaintiffs' "employers" for purposes of the FLSA, DCMWA, and DCWPCL.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any

Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

9. Defendants are subject to the DCMWA and DCWPCL because Plaintiffs spent more than 50% of their time working in the District of Columbia.

## FACTS

10. Hargis owned and operated Mitch O'Hara throughout Plaintiffs' employment. Throughout Plaintiffs' employment, Hargis:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

   b. Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

   c. Set and controlled Plaintiffs' work schedule or had the power to set and control Plaintiffs' work schedule;

   d. Set and determined or had the power to set and determine Plaintiffs' rate and method of pay; and

   e. Controlled, and was in charge of, Mitch O'Hara's day-to-day operations.

11. Neftali G. Martinez worked for Defendants from roughly February 1, 2016 until April 1, 2016. Defendants paid Martinez $27.00 per hour, even for the hours he worked over forty. Additionally, Defendants owe Martinez his last two (2) paychecks for the hours worked.

12. Ubaldo O. Vivar Martinez worked for Defendants from roughly February 1, 2016 until April 1, 2016. Defendants paid Vivar Martinez $23.00 per hour, even for the hours he worked over forty. Additionally, Defendants owe Vivar Martinez his last two (2) paychecks for the hours worked.

13. Juan de Dios Martinez Herrera worked for Defendants from roughly February 1,

2016 until April 1, 2016. Defendants paid Martinez Herrera $23.00 per hour, even for the hours he worked over forty. Additionally, Defendants owe Martinez Herrera his last two (2) paychecks for the hours worked.

14. Gabriel Cortes Herrera worked for Defendants from roughly March 15, 2016 until March 24, 2016. Defendants had agreed to pay Cortes Herrera $23.00 per hour for the hours worked. Nonetheless, Defendants never paid Cortes Herrera any of the hours he worked, owing him both his paychecks for the two (2) workweeks he worked for them.

15. Plaintiffs often worked more than 40 hours per week.

16. Plaintiffs' primary work duties did not qualify for any exemption under the FLSA, DCMWA, and DCWPCL.

17. Defendants failed to pay Plaintiffs at one-and-one-half times (1.5x) their regular rates for hours worked over forty.

18. Furthermore, Defendants failed to pay Plaintiffs their final two (2) paychecks for all the hours worked during those workweeks.

19. Defendants' failure and refusal to pay Plaintiffs the wages they rightfully earned as required by the FLSA, DCMWA, and DCWPCL, including overtime at one-and-one-half times (1.5x) their regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

20. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

21. The FLSA mandates that an employer must pay employees overtime wages in the

4

amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

22. At all times, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

23. Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate for all overtime hours Plaintiffs worked.

24. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours each week of their employment.

25. As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half (1.5x) their regular rate for all overtime hours they worked.

26. Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

27. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

28. Plaintiffs was Defendants' "employee," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

29. Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

30. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours during Plaintiffs' employment.

31. As set forth above, Defendants failed and refused to pay Plaintiffs time-and-one-half (1.5x) their regular rate for all the overtime hours they worked.

32. Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
**Violation of the D.C. Wage Payment and Wage Collection Law**
**(Unpaid Wages)**

33. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

34. Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of the DCWPCL.

35. Under the DCWPCL, Defendants were obligated to pay Plaintiffs all wages earned and owed for work that Plaintiffs performed.

36. "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or

oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

37. Plaintiffs performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiffs all wages earned and required by Federal and District of Columbia law.

38. Defendants owe Plaintiffs wages for work duties performed as set forth above.

39. Defendants' failure to pay Plaintiffs wages as set forth above constitutes a violation of Plaintiffs' right to receive wages as guaranteed by the DCWPCL.

40. Defendants' failure to pay Plaintiffs all wages earned, owed, and required by the DCWPCL was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiffs*