UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                    |   |                                |
|------------------------------------|---|--------------------------------|
| GABRIEL CORTES HERRERA, *et al.*,  ) |                                |
|                                    ) |                                |
| Plaintiffs,                        ) |                                |
|                                    ) |                                |
| v.                                 ) | Civil Action No. 16-1726 (ABJ) |
|                                    ) |                                |
| MITCH O'HARA LLC, *et al.*,        ) |                                |
|                                    ) |                                |
| Defendants.                        ) |                                |

## MEMORANDUM OPINION

Plaintiffs Gabriel Cortes Herrera, Neftali G. Martinez, Ubaldo O. Vivar Martinez, and Juan De Dios Martinez Herrera have brought this action against defendants Mitch O'Hara LLC and the owner-operator of that corporation, Tyra Hargis, alleging that defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301 *et. seq.* ("DCWPCL") because they failed to pay both regular wages for the last two weeks of plaintiffs' employment and overtime wages for plaintiffs' entire term of employment. Compl. [Dkt. # 1] ¶¶ 17–18.

After defendants failed to respond to the lawsuit, the Clerk of Court entered a default against each defendant. Clerk's Entry of Default [Dkt. # 10]; Clerk's Entry of Default [Dkt. # 11]. Plaintiffs then filed a motion for default judgment. Mot. for Default J. of Amount Certain [Dkt. # 13] ("Pls.' Mot."); Mem. in Supp. of Pl.'s Mot. [Dkt. # 13-1] ("Pls.' Mem."). For the reasons that follow, the motion will be granted and judgment will be entered against defendants in the amount of $37,704.00, plus $13,755.90 in costs and attorneys' fees.

**BACKGROUND**

The complaint states that Mitch O'Hara LLC is a Washington D.C. corporation, and that Tyra Hargis owns and operates the company. Compl. ¶¶ 2–3. Plaintiffs worked for defendants as concrete finishers and foremen. *Id.* ¶ 4. Plaintiff Neftali Martinez alleges that he worked for defendants from February 1, 2016 until April 1, 2016. *Id.* ¶ 11. He alleges that he was paid $27 per hour, even for the hours that he worked in excess of forty hours per week, and that defendants never paid him for his final two weeks of work. *Id.*; *see also* Aff. of Neftali G. Martinez, Ex. 1 to Pls.' Mot. [Dkt. # 13-2] ("Martinez Aff.") ¶ 5.[1]

Plaintiffs Ubaldo Vivar Martinez and Juan de Dios Martinez Herrera allege that they worked for defendants during the same two-month time period, from February 1 to April 1, 2016, that they were both paid $23 per hour, even for the time that they worked in excess of forty hours per week, and that defendants never paid either for their last two weeks of work. Compl. ¶¶ 12–13; Aff. of Ubaldo O. Vivar Martinez, Ex. 3 to Pls.' Mot. [Dkt. # 13-4] ("Vivar Martinez Aff.") ¶ 5; Aff. of Juan De Dios Martinez Hererra, Ex. 2 to Pls.' Mot. [Dkt. # 13-3] ("Martinez Herrera Aff.") ¶ 5.

And plaintiff Gabriel Cortes Herrera alleges that he worked for defendants from March 15, 2016 to March 24, 2016, at the agreed rate of $23 per hour. Compl. ¶ 14. Plaintiff Cortes Herrera alleges that defendants never paid him for the ninety-three hours that he worked over his two week

---

1  Plaintiff Neftali Martinez's affidavit seems to contain a typographical error. In its discussion of the unpaid hours, plaintiff avers that "Defendants owe me eighty-three and a half (87.5) hours for the last two weeks I worked. For those two weeks, eighty (80) of the hours are owed at my regular rate of $27.00 per hour and seven and a half (7.5) hours are owed at one-and-a-half times my regular rate." Martinez Aff. ¶ 5 (emphasis added). Given the context and the facts in the second sentence, the Court will grant judgment to plaintiff Martinez for 87.5 hours, not 83.5 hours.

term of employment. *Id.*; *see also* Aff. of Gabriel Cortes Herrera, Ex. 4 to Pls.' Mot. [Dkt. # 13-5] ("Cortes Herrera Aff.") ¶ 5.

Plaintiffs filed this three-count complaint on August 25, 2016, alleging that defendants violated the FLSA and DCMWA by failing to pay them overtime for any hours worked in excess of forty hours per week, Compl. ¶¶ 21–32 (Counts I and II), and that defendants violated the DCWPCL by failing to pay them for all of their hours worked. *Id.* ¶¶ 34–40 (Count III). Defendant Mitch O'Hara LLC was served on October 11, 2016, Aff. of Service [Dkt. # 3], and defendant Hargis was served on March 15, 2017. Aff. of Service [Dkt. # 7]. After neither defendant answered in the time permitted by Federal Rule of Civil Procedure 12, plaintiffs sought a clerk's entry of default. *See* Mot. for Entry of Default [Dkt. # 8]; Mot. for Entry of Default [Dkt. # 9]. After the Clerk of Court entered defendants' default, plaintiffs filed a motion for a default judgment. Pls.' Mot.

**STANDARD OF REVIEW**

"The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008), citing *Jackson v. Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980). Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. RW Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.*, citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary

damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*, citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

## ANALYSIS

I. **Liability**

The Fair Labor Standards Act requires an employer to pay his employees for hours worked in excess of 40 hours per week "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. §§ 207(a)(1)–(2). And the D.C. Minimum Wage Act requires that an employer must compensate an employee who works "in excess of 40 hours at a rate not less than 1 1/2 times the regular rate at which the employee is employed." D.C. Code § 32-1003(c).

Under federal law, "[a]ny employer who violates the provisions of . . . section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). While liability under the FLSA substantially overlaps with the provisions of the D.C. Minimum Wage Act, the liquidated damages provided by the D.C. statute are greater than those provided by the FLSA. *Compare* 29 U.S.C. § 216(b) ("additional [amount equal to unpaid overtime compensation] as liquidated damages"), *with* D.C. Code § 32-1308 ("liquidated damages equal to treble the amount of unpaid wages").[2]

---

[2] Plaintiffs assert that the DC Minimum Wage Act provides for recovery of "quadruple the amount equal to the unpaid wages as liquidated damages." Pls.' Mem. at 4. But the statute only entitles employees to recover "liquidated damages equal to treble the amount of unpaid wages." D.C. Code § 32-1012(b)(1). In any event, plaintiffs correctly calculated the damages owed by multiplying the "total unpaid wages" figure by three, not by four. Pl.'s Mem. at 5.

Plaintiffs have averred in sworn affidavits that they were not paid the proper rate for work that they engaged in in excess of forty hours per week, and that they were not paid for their final two weeks of work. Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall*, 531 F. Supp. 2d at 57.

Plaintiff also moved for default against Tyra Hargis, who the complaint describes as the person who "owns and operates" Mitch O'Hara LLC. *See* Compl. ¶ 3. For an employer to be liable in an individual capacity, she must qualify as an employer under the FLSA and the DCWPCL. *See Ventura v. Bebo Foods*, 738 F. Supp. 2d 1, 5 & n.2 (D.D.C. 2010) (applying individual liability analysis under the FLSA to claims brought under the DCWPCL). "[T]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Perez v. C.R. Calderon Constr., Inc.*, 221 F. Supp. 3d 115, 143–44 (D.D.C. 2016), quoting *Ruffin v. New Destination*, 800 F. Supp. 2d 262, 269 (D.D.C. 2011). Courts consider a number of factors in determining whether a corporate officer has the requisite operational control, such as whether the individual was responsible for hiring and firing, controlling work schedules, establishing pay rates, and maintaining employment records. *Ventura*, 738 F. Supp. 2d at 6.

Here, plaintiffs allege that Hargis had the "power to hire, fire, suspend, and otherwise discipline Plaintiffs;" that she "[h]ad the power to supervise" their work and ensure that it was of a sufficient quality; that she "[s]et and controlled their work schedule," or at least, "had the power to set and control" their schedules; and that she either "[s]et and determined" or "had the power to set and determine" their rates of pay. Compl. ¶ 10. And plaintiffs have each averred that "Tyra

Hargis was the owner and operator of Mitch O'Hara LLC;" she was their "boss and the person who hired [them] to perform work;" and she "controlled the day-to-day operations of Mitch O'Hara LLC and [plaintiffs'] rate and method of pay." Martinez Aff. ¶ 4; Martinez Herrera Aff. ¶ 4; Vivar Martinez Aff. ¶ 4; Cortes Herrera Aff. ¶ 4. Those facts sufficiently establish that Hargis is an employer under the FLSA because she had a "significant ownership interest in [Mitch O'Hara LLC]" and "operational control" over it. *Ventura*, 738 F. Supp. 2d at 6.

With no response from defendants, the Court accepts the well-pleaded allegations in the complaint and the statements in plaintiffs' affidavits as true, and it will find Mitch O'Hara LLC and Tyra Hargis to be jointly and severally liable to plaintiffs.

## II. Damages

"When a defendant has failed to respond, the Court must make an independent determination – by relying on affidavits, documentation, or an evidentiary hearing – of the sum to be awarded as damages." *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 104 (D.D.C. 2015). Here, plaintiffs have each submitted an affidavit to provide proof of their damages.

The DCWPCL provides for liquidated damages equal to either "10 per centum of the unpaid wages for each working day during which such failure shall continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller." D.C. Code § 32-1303(4). Because an award of treble damages will result in a significantly smaller sum, the Court will use that calculation.[3] And because D.C. law is more generous to employees on the point of liquidated damages, the Court will first assess damages

---

3  For example, plaintiff Martinez claims unpaid wages of $2,160 for hours worked in the two weeks prior to his last day of work of April 1, 2016. Martinez Aff. ¶¶ 2, 5. Ten percent of $2,160 is $216 dollars per day, and more than 450 days have elapsed between then and now, which would equal at least $97,200 in liquidated damages.

under D.C. law and will not award a duplicative amount pursuant to federal law. *Williams v. WMATA*, 472 F.2d 1258, 1261 (D.C. Cir. 1972) ("[W]orkers covered by state law as well as FLSA shall have any additional benefits provided by the state law.").

### A. Neftali G. Martinez

Plaintiff Martinez was employed by defendants from February 1, 2016 through April 1, 2016. Martinez Aff. ¶ 2. His base rate was $27.00 per hour. *Id*. ¶¶ 4–5. The uncontroverted evidence shows that plaintiff Martinez was not compensated for 87.5 hours worked during the last two weeks that he was employed by defendants, including 80 hours to be paid at his regular rate and 7.5 hours to be paid at one and one-half times his regular rate. *Id*. ¶ 5. The evidence further reveals that plaintiff was under-compensated for 22.5 hours of overtime, for which defendants paid him only his regular rate and not one and one-half times his regular rate, *id*. ¶ 6, as required by both the FLSA and the DCMWA. 29 U.S.C. § 207(a)(2); D.C. Code § 32-1003(c). Both the DCMWA and the DCWPCL provide for liquidated damages equaling three times the amount of unpaid wages. D.C. Code § 32-1308(a)(1)(A)(ii). So plaintiff Martinez is entitled to the following damages:

| **Table 1: Plaintiff Martinez Damages** | Hours | Rate | Sub-Total |
|---|---:|---:|---:|
| Unpaid Regular Hours | 80.0 | $27.00 | $2,160.00 |
| Unpaid Overtime Hours | 7.5 | $40.50 | $303.75 |
| Under-Paid Overtime Hours | 22.5 | $13.50 | $303.75 |
| Unpaid Wages Sub-Total (*Unpaid Wages + Under-Paid Overtime Wages*) | | | $2,767.50 |
| Liquidated Damages (*3x Unpaid Wages Sub-Total*) | | | $8,302.50 |
| **Total** (*Unpaid Wages Sub-Total + Liquidated Damages*) | | | **$11,070.00** |

### B. Juan De Dios Martinez Herrera

Plaintiff Martinez Herrera was employed by defendants from approximately February 1, 2016 through April 1, 2016. Martinez Herrera Aff. ¶ 2. His base rate was $23.00 per hour. *Id*. ¶¶ 4–5. Plaintiff avers that he was not compensated for 86.5 hours worked during the last two

7

weeks that he was employed by defendants, including 80 hours to be paid at his regular rate and 6.5 hours to be paid at one and one-half times his regular rate, and that he was under-compensated for 19.5 hours of overtime, for which defendants paid plaintiff only his regular rate. *Id.* ¶¶ 5–6. So plaintiff Martinez Herrera is entitled to the following damages:

| Table 2: Plaintiff Martinez Herrera Damages | Hours | Rate | Sub-Total |
|---|---:|---:|---:|
| Unpaid Regular Hours | 80.0 | $23.00 | $1,840.00 |
| Unpaid Overtime Hours | 6.5 | $34.50 | $224.25 |
| Under-Paid Overtime Hours | 19.5 | $11.50 | $224.25 |
| Unpaid Wages Sub-Total (*Unpaid Wages + Under-Paid Wages*) | | | $2,288.50 |
| Liquidated Damages (*3x Unpaid Wages Sub-Total*) | | | $6,865.50 |
| **Total** (*Unpaid Wages Sub-Total + Liquidated Damages*) | | | **$9,154.00** |

### C. Ubaldo O. Vivar Martinez

Plaintiff Vivar Martinez was employed by defendants from February 1, 2016 through April 1, 2016. Vivar Martinez Aff. ¶ 2. His base rate was $23.00 per hour. *Id*. ¶¶ 4–5. Plaintiff's affidavit states that he was not compensated for 83.5 hours worked during the last two weeks that he was employed by defendants, including 80 hours to be paid at his regular rate and 3.5 hours to be paid at one and one-half times his regular rate, and that he was under-compensated for 10.5 hours of overtime, for which defendants paid plaintiff only his regular rate. *Id.* ¶¶ 5–6. So plaintiff Vivar Martinez is entitled to the following damages:

| Table 3: Plaintiff Vivar Martinez Damages | Hours | Rate | Sub-Total |
|---|---:|---:|---:|
| Unpaid Regular Hours | 80.0 | $23.00 | $1,840.00 |
| Unpaid Overtime Hours | 3.5 | $34.50 | $120.75 |
| Under-Paid Overtime Hours | 10.5 | $11.50 | $120.75 |
| Unpaid Wages Sub-Total (*Unpaid Wages + Under-Paid Wages*) | | | $2,081.50 |
| Liquidated Damages (*3x Unpaid Wages Sub-Total*) | | | $6,244.50 |
| **Total** (*Unpaid Wages Sub-Total + Liquidated Damages*) | | | **$8,326.00** |

### D. Gabriel Cortes Herrera

Plaintiff Cortes Herrera was employed by defendants from approximately March 15, 2016 through March 24, 2016. Cortes Herrera Aff. ¶ 2. His base rate was $23.00 per hour. *Id*. ¶¶ 4–5. Plaintiff avers that he was not compensated for 93 hours worked during his two-week term of employment with defendants, including 80 hours to be paid at his regular rate and 13 hours to be paid at one and one-half times his regular rate. *Id*. ¶ 5. So plaintiff Cortes Herrera shall receive the following damages:

| **Table 4: Plaintiff Cortes Herrera Damages** | Hours | Rate | Sub-Total |
|---|---|---|---|
| Unpaid Regular Hours | 80.0 | $23.00 | $1,840.00 |
| Unpaid Overtime Hours | 13.0 | $34.50 | $448.50 |
| Unpaid Wages Sub-Total | | | $2,288.50 |
| Liquidated Damages (*3x Unpaid Wages Sub-Total*) | | | $6,865.50 |
| **Total** (*Unpaid Wages Sub-Total + Liquidated Damages*) | | | **$9,154.00** |

### E. Attorneys' Fees and Costs

Plaintiffs also seek an award of $12,887.90 in attorneys' fees and $868 in costs. Pls.' Mot. at 2; Decl. of Michael K. Amster, Ex. 6 to Pls.' Mot. [Dkt. # 13-7] ("Amster Decl.") ¶¶ 7, 9. The FLSA, the DCMWA, and the DCWPCL all require that a prevailing plaintiff receive an attorneys' fee award. 29 U.S.C. § 216(b); D.C. Code § 32-1308(b). And the Court has an obligation to ensure that whatever amount it awards is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To arrive at a reasonable award, the Court will multiply the number of hours reasonably expended by a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

The D.C. Code has set a rate for claims brought under the DCMWA and the DCWPCL:

> [T]he court shall award to each attorney for the employee an additional judgment for costs, including attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services.

D.C. Code § 32-1308(b)(1). Because the *Salazar* court utilized the attorneys' fee matrix that has been updated to account for inflation using the Legal Services Index of the Bureau of Labor Statistics (the "LSI *Laffey* matrix"), the statute's plain language requires use of the LSI *Laffey* matrix to determine the applicable rate. *See Serrano v. Chicken-Out, Inc.*, 209 F. Supp. 3d 179, 197 (D.D.C. 2016).

Plaintiffs also bear the burden of establishing the reasonableness of the hours for which they seek reimbursement. *In re N. (Bush Fee Application)*, 59 F.3d 184, 189 (D.C. Cir. 1995). The fee request "must be sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). Plaintiffs' counsel has submitted detailed billing records in this case. *See* Ex. 5 to Pls.' Mot. [Dkt. # 13-6] ("Billing Records"). Plaintiffs seek $12,887.90 for the 35.3 hours of work performed by Michael Amster, Roy Lyford-Pike, and Milton E. Segarra, and they seek $868 in court costs. Amster Decl. ¶¶ 2, 9.

Amster, who has approximately seven years of experience, billed 11 hours at the rate of $421 per hour. Billing Records. Segarra and Lyford-Pike, who both graduated from law school in 2015, billed at the rate of $343 per hour; Segarra billed 19.6 hours to the matter, and Lyford-Pike billed 4.2 hours. Amster Decl. ¶ 2; Billing Records. And counsel's paralegal billed half an hour at the rate of $187 per hour. Billing Records. All of these rates are equivalent to the rates chargeable under the LSI *Laffey* matrix. *See* http://www.laffeymatrix.com/see.html. Because the tasks completed were not duplicative, and the time that counsel expended on each task was not excessive, the Court finds that the number of hours expended on this case was reasonable. So the Court will award attorneys' fees of $12,887.90 and costs of $868.

## CONCLUSION

For the foregoing reasons, the Court will grant plaintiffs' motion for default judgment, and it will enter judgment against Mitch O'Hara LLC and Tyra Hargis, jointly and severally, in the amount of $37,704.00, plus $13,755.90 in attorneys' fees and costs.[4]

A separate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: July 5, 2017

---

4

**Table 5: Total Judgment Amount**

| | |
|---|---|
| Plaintiff Martinez Damages | $11,070.00 |
| Plaintiff Martinez Herrera Damages | $9,154.00 |
| Plaintiff Vivar Martinez Damages | $8,326.00 |
| Plaintiff Cortes Herrera Damages | $9,154.00 |
| Attorneys' Fees and Costs | $13,755.90 |
| **GRAND TOTAL** | **$51,459.90** |